Anna M. Schlosser, one of the residuary beneficiaries under the last will and testament of her father, Henry Kesse, deceased, appeals from an order of the Passaic county orphans court affirming the master's denial of certain exceptions taken by her to the final account of George Kesse, her brother, the other residuary beneficiary and executor of the estate of their deceased father.
All of appellant's exceptions, embracing those here urged, were originally referred by the orphans court to a master to examine into and to report and advise what order or decree should be made thereon. After hearing considerable testimony, the master filed his report sustaining some of the exceptions and dismissing others, which report that court, after dismissing appellant's exceptions thereto, in all things duly ratified and confirmed; hence the present appeal.
After making a number of specific bequests, the testator, by the fourth and fifth clauses of his will, devised and bequeathed the whole of the remainder and residue of his *Page 202 
estate to his wife, Annie Kesse, for and during her natural life, and upon her death to his two children, appellant and George Kesse, the executor under his said last will and testament, subject, however, to the payment therefrom of the sum of $100 to each of his grandchildren, Edward Kesse, Hannah Kesse, Irene Kesse, Annie Mealau, Frank Schlosser and Bertha Schlosser, payable upon their attaining their respective majorities.
By the sixth clause of his said will, the testator named and appointed his son, George, executor with full power to sell any and all real estate during the life of his (testator's) wife.
Pending final hearing, the matters involved in all of the grounds of appeal, excepting, however, subdivisions d, t, u, v, w, x, y and pp of the second ground of appeal as set forth in the petition of appeal were amicably settled between the parties leaving here for consideration merely the said excepted subdivisions.
Appellant under ground of appeal 2 (d) contends that the orphans court erred in overruling her exceptions to the master's report dismissing her exceptions to the account charging the accountant with having failed to account for the sum of $650 allegedly received by him for the sale of timber in May, 1915, a fact which, however, the accountant unequivocally denied and the appellant unquestionably failed to establish.
The evidence adduced aside from being scanty and unsatisfactory was not dependable, and, at most, tended to show a sale or sales of timber, both living and dead, not by the accountant but by the testator's widow, from lands to the use and enjoyment of which she, under the will, was entitled during her natural life; and the proceeds from which sale or sales were unquestionably received and retained by her. Neither was it shown nor claimed that the timber thus sold diminished the value of the land, amounted to waste, or that the accountant was chargeable with any neglect in connection therewith.
In the light of such evidence, appellant has unquestionably failed to sustain the burden of proof which the law casts upon her in order to charge the accountant with this item. Kirby v.Coles, 15 N.J. Law 441. *Page 203 
Passing now to 2 (t) of the grounds of appeal. It is insisted on behalf of appellant that inasmuch as the accountant's promise to pay Borneman $500 for his services in procuring a purchaser for the estate's Van Houton avenue property was not in writing — hence unenforceable by reason of the statute of frauds — he should be surcharged with its payment. Accountant's right, in view of the provisions of the will, to sell any and all of the testator's real property is not, and cannot be, here questioned, nor can his right to obligate the estate for the payment of a specified commission to one procuring a purchaser therefor be here questioned. That Borneman did procure such a purchaser to whom the property was actually sold and by reason of which accountant thereafter paid him $500 satisfactorily appears from the evidence adduced. To surcharge accountant, under these circumstances, would be tantamount to penalizing him for observing his promise which he had a legal right to make and upon the strength of which Borneman actually rendered services, the fruits and benefits of which were knowingly accepted and retained by the estate; which, needless to say, would be inequitable and unjust indeed. Good faith, coupled with the exercise of a reasonable prudence and discretion, on the part of the executor in the making of a payment will constitute sufficient justification for refusing to reject its allowance.
Grounds of appeal, numbers 2 (u), (v), (x) and (y) may be conveniently grouped and considered together. These relate to accountant's payment of the $100 legacies to each of the testator's grandchildren, Edward Kesse, Frank Schlosser, Hanna A. Kesse and Irene Kesse, respectively. As to each of these payments, appellant contends that they were prematurely made, and hence that accountant should be charged with interest on each of the sums from the dates of their respective payments to the time of the life tenant's death, when they should have been made.
However, it is not made to appear who other than the life tenant herself could have been put to disadvantage or be heard to complain by reason of such premature payments. Yet, the evidence discloses that although she lived for a number *Page 204 
of years after the making of these premature payments to her own grandchildren, the life tenant never protested or disapproved of their making, but, on the contrary, as testified by the accountant, expressly approved of their making.
By subdivision (w) of her second ground of appeal, appellant challenges the legality of that part of the order of the orphans court whereby her exception to the item of $89.20 set up in the account filed was overruled. The testimony, however, discloses that the accountant had sold the Van Houten avenue property to Van Dillon taking back a purchase-money mortgage thereon for part of the purchase thereof; that thereafter a right of way over said premises was discovered to exist in favor of the United States government and that by reason thereof Van Dillon asserted a claim for an abatement in the moneys then due on the said purchase-money mortgage which he had executed and delivered to accountant.
It was under these circumstances, that accountant, in order to receive payment of the mortgage without involving the estate in litigation, compromised the thus asserted claim by permitting Van Dillon to deduct the sum of $89.20 from the moneys then due on the said mortgage.
In a situation such as here confronted him, accountant was merely required to act in good faith and in a manner such as the average ordinary prudent and cautious person would have done under like circumstances; and this, the evidence discloses, he unquestionably did.
Passing now to a consideration of the last ground of appeal 2 (pp), which is based upon the order of the orphans court overruling appellant's exception to that part of the account wherein accountant prays for the allowance of commissions and counsel fees. An examination of the record fails to disclose that any commissions or counsel fee were allowed. Consequently, appellant cannot be aggrieved or heard to complain with respect thereto. Hence, this ground of appeal presents a purely academic and mooted question, which need not be here considered or decided.
The order appealed from will be affirmed. *Page 205